

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-09-279-CR

TERRY ADAMS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                 STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Terry Adams appeals his conviction by a jury for possession of a controlled substance.  He was indicted and convicted as a habitual offender following past convictions of two felony offenses.  He asserts that the trial court erred by sustaining an objection to his closing argument and that the evidence is factually insufficient to support the verdict.  We find no error and

---

[1] *See* Tex. R. App. P. 47.4.

that the evidence sufficiently supports the verdict and affirm the trial court's judgment.

On the night of March 4, 2008, Fort Worth police officers Carlos Cespedes and Scott Christensen saw a car, occupied by two men, parked near a known narcotics location. As the car pulled away from the curb, the driver of the vehicle failed to use his turn signal or to wear his seatbelt. When the officers saw the two traffic violations, they turned on the police car's overhead emergency lights indicating that the car should pull over. However, the driver of the car refused to immediately pull the car over, and the officers followed the car until it stopped in a little over one block. The officers also turned their spotlights on the car.

While the officers were following the car, they saw the passenger in the car toss a gray cloth bag out of his window and into the street. The officers could see inside of the car and saw the passenger's hand come out of the window.

Cespedes, the officer driving the police car, let Christensen out of the car in order to pick up the gray cloth bag because the officers did not know when or if the car they were following would stop. Christensen quickly found the gray bag that had been thrown out of the window. The bag contained 1.07 grams of crack cocaine. The officers arrested the passenger, Appellant.

2

Appellant's first issue concerns whether the trial court erred in sustaining the State's objection to the defense's final argument on the merits of the case. It is helpful to review the sequence of the trial proceedings concerning this claim. The argument concerned whether Kenneth Coval, the driver of the automobile in which Appellant was riding at the time in question, 1) was subpoenaed to testify, and 2) appeared for trial. The argument in this regard proceeded as follows:

[DEFENSE COUNSEL]: . . . . And they're going to sit there, and they're going to say Brian subpoenaed him. I did. Why do you think he didn't show up?

[PROSECUTOR]: Objection, Your Honor. It's outside the record.

THE COURT: Same instruction, ladies and gentlemen.

[DEFENSE COUNSEL]: Think about that for a minute. There's a court order out there, and he's not here.

[PROSECUTOR]: Your Honor, State would object. That's outside the record. Counsel never admitted any kind of court order or even asked the Judge to take judicial notice of that.

[DEFENSE COUNSEL]: I put on the record, Judge, that he was under subpoena.

THE COURT: You will be guided by the testimony as you remember it. What the lawyers say is not evidence.

3

[PROSECUTOR]: The State's objection is that Counsel merely commented on the record and failed to use evidence on that point.

THE COURT: I'll sustain that objection.

Neither side suggests that the court was requested to or actually did take judicial notice. Appellant argues that the court "effectively took judicial notice" that Coval was subpoenaed and failed to appear. Of course, the court may take judicial notice whether requested to or not. Tex. R. Evid. 201(c). And, it shall take judicial notice if requested by a party and provided the necessary information. Tex. R. Evid. 201(d).

We decline to conclude that the court "effectively took judicial notice." First, the sustaining of the State's objection to the argument based on a lack of evidentiary support indicates that no judicial notice was taken because had it been taken, the objection likely would have been overruled. Second, had the court taken judicial notice, it would have been required to instruct the jury that it could, but was not required to, accept as conclusive any fact judicially noticed. Tex. R. Evid. 201(g). No such instruction was given.

We resolve this issue against Appellant.

We now turn to whether the evidence was factually sufficient to support the verdict. When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.

4

*Steadman v. State*, 280 S.W.3d 242, 246 (Tex. Crim. App. 2009); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the factfinder's determination is manifestly unjust. *Steadman*, 280 S.W.3d at 246; *Watson*, 204 S.W.3d at 414–15, 417. The evidence shows that on the night of the offense, both officers involved saw Appellant throw a cloth bag out the window. Then they stopped and picked up the bag which contained what was proved to be crack cocaine.

Appellant maintains that Cespedes testified that it was "a possibility" that when he saw Appellant's hand move out the car window, he might have been reaching for his seat belt. Christensen also acknowledges that possibility.

Appellant also argues that Christensen did not rule out the fact that there was a possibility that the entire episode was caught on video from the police vehicle. He did testify, however, that had the incident been videotaped, the tape would have been mentioned in the offense report and entered into evidence.

5

Each of the officers gave clear and direct testimony about what they saw. Other than possibilities, there is no significant evidence that supports Appellant's complaint on appeal.

We conclude that the conviction is supported by factually sufficient evidence and that the jury's determination is not clearly wrong or manifestly unjust. We resolve this issue against Appellant.

Finding no error, we affirm the trial court's judgment.

CHARLES BLEIL
JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER, J.; and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 29, 2010